# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 19, 2019

Lyle W. Cayce
Clerk

No. 19-30178

JERRY SIMMONS,

Plaintiff-Appellant

v.

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS,

Defendant-Appellee

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:17-CV-1396

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Jerry Simmons, Louisiana prisoner # 593386, moves to proceed in forma pauperis (IFP) in his appeal of the district court's order dismissing his civil rights complaint under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A as frivolous and for failure to state a claim. His motion to proceed IFP on appeal is construed as a challenge to the district court's certification that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30178

To proceed IFP, Simmons must be economically eligible and his appeal must not be frivolous. *See* FED. R. APP. P. 24(a)(5); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Because Simmons's economic eligibility to proceed IFP is not in question, the question is whether he has shown that his appeal presents a nonfrivolous issue. *Carson*, 689 F.2d at 586.

Though Simmons argues that the district court has denied him access to the courts in violation of the First Amendment and has discriminated against him because he is a pauper in violation of the Fourteenth Amendment by denying his IFP motion, he does not otherwise challenge the district court's analysis of his constitutional claims under 42 U.S.C. § 1983. Although pro se briefs are afforded liberal construction, arguments must be briefed in order to be preserved. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even when his brief is liberally construed, Simmons has failed to identify a nonfrivolous issue for appeal with respect to any of his § 1983 claims. *See Carson*, 689 F.2d at 586.

Because Simmons has failed to show that he will raise a nonfrivolous issue on appeal, his IFP motion is DENIED and his appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous as well as the district court's dismissal of his complaint as frivolous both count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). Simmons is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he "is under imminent danger of serious physical injury." *See* § 1915(g).

2